27572. WADE *v.* HINSON *et al.*

DECIDED NOVEMBER 15, 1939.

*T. J. Townsend, I. J. Bussell,* for plaintiff.

STEPHENS, P. J. A. P. Wade Sr. brought suit against Reppard Andrews and J. B. Hinson, alleging that the defendants had damaged him in the sum of $400 in that they had offered to sell him a motor, with which to run his sawmill, and that the motor, by reason of its negligent operation by the defendants in demonstrating its ability to run the mill, failed to properly function thereby destroying the mill. The defendants denied liability. The trial resulted in a verdict for the plaintiff for $50. The plaintiff moved for a new trial, which was overruled. To this judgment he excepted, claiming that the verdict was inadequate, and that the evidence demanded a verdict for at least $300 damages.

The jury were authorized to find from the evidence that the plaintiff's mill was old, worn, patched, and worth but little, and that the mill was destroyed partly on account of this condition rather than wholly by the operation of the motor of the defendants. The jury were further authorized to find that one of the defendants, Reppard Andrews, after the mishap to the plaintiff's mill, traded a sawmill to the plaintiff for the wrecked one, upon the plaintiff's furnishing material to repair the mill traded to him, delivering the materials to a blacksmith shop and paying the repairs to the amount of $25, and Andrews paying the remainder thereof, and that the plaintiff paid the $25. The evidence further authorized a finding that these repairs were completed and amounted to $47.90, and that the mill thus repaired was in a better condition than the plaintiff's mill before it was wrecked. The cost to the plaintiff of moving the material to the blacksmith shop and of moving the repaired mill does not appear. While the evidence perhaps would have authorized a verdict for the plaintiff in a sum greater than $50, which the jury found for the plaintiff, the evidence nevertheless authorized the jury to find that the plaintiff had accepted, in compensation for his damage, an-

other mill which had been repaired partly at his expense, and that this mill, and the additional sum of $50 found by the jury for the plaintiff, constituted adequate compensation to the plaintiff for any damages to him as a result of any negligence of the defendants. It therefore does not appear as a matter of law, from the evidence, that the plaintiff's damage was in excess of the $50 awarded by the jury. The evidence authorized the verdict, and there being no other ground in the motion for new trial other than the general grounds that the verdict is contrary to law and without evidence to support it, the court did not err in overruling the plaintiff's motion for new trial.

*Judgment affirmed. Sutton and Felton, JJ., concur.*